# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| JERSEY SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 8:23-CV-01586 |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendants. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES

The United States of America submits the following Answer and Affirmative Defenses to Plaintiff's Complaint[1]:

## JURISDICTION, SERVICE, & VENUE

1. The allegations in the paragraph that begins with "This is an action for damages . . ." constitutes a legal conclusion regarding jurisdiction for which the Defendant does not need to respond. If the court deems a response is necessary, Defendant admits this is an action for damages but denies any damages.

2. The allegations in the paragraph that begins with "This court has jurisdiction . . ." constitutes a legal conclusion regarding jurisdiction and venue for which the Defendant does not need to respond. If the court

---

[1] Plaintiff's Complaint violates Federal Rules of Civil Procedure 10(b) and is a "'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

1

deems a response is necessary, Defendant admits this case falls under the FTCA and jurisdiction and venue are proper.

3. The allegations in the paragraph that begins with "On or about December 16, …" Defendant admits Plaintiff's claim was timely presented to the United States Postal Service ("USPS") but avers the claim was presented on December 19, 2022.

4. The allegations in the paragraph that begins with "Pursuant to the provisions . . .", Defendant admits only that that plaintiff provided written notice, via an SF90, to the defendant and denies all other allegations.

5. Defendant admits the allegations contained in the paragraph that begins with "A period of more than six months" but avers this claim was denied by USPS on September 12, 2023.

6. Defendant admits Plaintiff's claim has exhausted as alleged in the paragraph that begins with "Plaintiff, Jersey Smith, has exhausted".

## GENERAL ALLEGATIONS

7. Defendant admits the allegations contained in the paragraph that begins with "At all times material hereto".

8. Defendant admits the allegations in the paragraph that begins with "On March 30, 2022, Alexander Creeden".

9. Defendant denies the allegations contained in the paragraph that begins with "At that time and place, Alexander Creeden".

10. Defendant denies all allegations contained in the paragraph that begins with "As a proximate result of the negligence", including subparagraphs 1-11.

11. Defendant denies all allegations contained in the paragraph that begins with "These losses are either permanent or continuing".

12. Defendant denies all allegations contained in the paragraph that begins with "The negligence of the U.S.A.'s employee".

13. Defendant incorporates their answers to all prior paragraphs in response to the allegations in the paragraph that begins with "Plaintiff incorporates and realleges".

14. Defendant denies all allegations contained in the paragraph that begins with "The United States is liable".

15. The paragraph that begins with WHEREFORE contains requests for relief for which the defendant does not need to respond.  If the court deems a response is necessary, Defendant denies Plaintiff is entitled to the relief requested or to any relief whatsoever.

## DEMAND FOR JURY TRIAL

16. Plaintiff is not entitled to a jury trial. *See* 28 U.S.C. §2402.

17. Plaintiff is not entitled to the relief requested. *See* 28 U.S.C. § 2674, 2678.

## AFFIRMATIVE DEFENSES

1. All of Plaintiff's claims are subject to, and limited by, the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2401(b), 2671 et seq.

2. Plaintiff's recovery is limited to the damages recoverable under the FTCA, which does not provide for recovery of punitive damages, attorney's fees, and/or prejudgment interest. 28 U.S.C. § 2674, 2678.

3. Damages may not exceed the amount of the administrative claim presented to the US Postal Service. 28 U.S.C. § 2675.

4. Plaintiff's complaint fails to state a claim for which the Court can grant relief.

5. Defendant violated no legal duty owed to Plaintiff.

6. Plaintiff's alleged injuries, harm and/or damages were not directly, actually, or proximately caused by an agent, servant, or employee of the United States.

7. In the event the Court finds Defendant to be negligent, which Defendant expressly denies, the Court should reduce Plaintiff's recovery in proportion to any negligence attributable to him or completely barred if the Court finds Plaintiff to be more than 50% at fault. Fla. Stat. § 768.81(2) and (6).

8. Plaintiff failed to mitigate or minimize damages, if any.

9. Plaintiff's injuries, if any, are not permanent in nature and fail to meet the threshold requirements of Fla. Stat. § 627.737.

10. The Court should reduce Plaintiff's recovery to the extent that personal injury protection (PIP) benefits have been paid or are payable in accordance with Fla. Stat. § 627.736.

11. Any state or federal common or statutory law that limits the liability of a private individual, or the damages awarded, under similar circumstances to those alleged in the Complaint, shall limit or preclude Plaintiff's claim or recovery from the Defendant. 28 U.S.C. §§ 2674, 2678.

12. In the event the Court finds the Defendant negligent, which the defendant expressly denies, and to the extent that Plaintiff has received any payment, or the benefit of any payment, from a collateral source, the Defendant is entitled to an offset in an equal amount. Fla. Stat. § 768.76.

13. In the event the Court finds the Defendant negligent, which the defendant expressly denies, it is entitled to a set-off of all sums of money paid or payable by any party or non-party to this action by settlement or judgment or through an agreement entered into by Plaintiff. Fla. Stat. §§ 46.015, 768.041.

14. The court should limit Plaintiff's future damages, if any, to the cost of health insurance as a result of the Affordable Car Act. There is no "reasonable probability" plaintiff will incur medical expenses above the annual premium by any American for any medical treatment encompassed by 42 U.S.C. § 18022(b)(1)(A)-(J).

15. 28 U.S.C. §§ 2678 and 1920 limit plaintiff's attorney fees and costs, if any.

16. Florida law limits Plaintiff's medical expenses, if any, —which caps those damages at specified amounts. Fla. Stat. § 768.0427(4). And in trying to prove those expenses, Plaintiff is limited to evidence admissible under Fla. Stat. § 768.0427(2). To the extent that Plaintiff receives a judgment above the amounts allowed by Fla. Stat. § 768.0427, the Court must reduce or offset the judgment.

17. Defendant preserves any and all other defenses, not currently known, which it has, and through discovery learns may be applicable.

**WHEREFORE**, having fully answered all counts of the Complaint, Defendant prays that Plaintiff take nothing by way of the Complaint; that the court dismissed the matter, and that the court award judgment in favor of Defendant, together with costs and such other and further relief as the Court deems appropriate in this case.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By: *s/ John F. Rudy, III*
Assistant United States Attorney
Florida Bar No. 0136700
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: (813) 274-6057
Facsimile: (813) 301-3103
Email: John.Rudy@usdoj.gov

Of Counsel for the Defendant:

Brittany K. Quinlan
Attorney – National Tort Center
United States Postal Service
1720 Market Street, Room 2400
Saint Louis, MO 63155-9948
Brittany.K.Quinlan@usps.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 15, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all parties of record.

*s/ John F. Rudy, III*
JOHN F. RUDY, III
Assistant United States Attorney
